MCRISC# 171-18

STATE OF MAINE
CUMBERLAND, ss.

UNIFIED CRIMINAL COURT
PORTLAND
Docket Nos. CDCR-16-7494 and
16-7452

STATE OF MAINE      )
                     )
v.                  )
                     )
SAMUEL ISERBYT    )
                     )
        Defendant    )
                     )
and               )
                     )
STATE OF MAINE      )
                     )
v.                  )
                     )
FRED DODGE         )
                     )
        Defendant    )

ORDER ON SAMUEL ISERBYT'S MOTION
TO REINSTATE INDICTMENT AGAINST
FRED DODGE and on SAMUEL ISERBYT'S
MOTION TO RELEASE IMPOUNDMENT/SEAL
OF COURT FILES

The court heard oral argument on Samuel Iserbyt's pending motions on January 30, 2018. Mr. Iserbyt's counsel, Attorney Vanessa Bartlett, appeared on Mr. Iserbyt's behalf. Asserting that her client's testimony along with the testimony of Mr. Dodge and other witnesses was necessary, Attorney Bartlett requested a continuance to accommodate rescheduling the matter for an evidentiary hearing, which was denied. Attorney Neale Duffett appeared and argued on behalf of Fred Dodge, and Assistant District Attorney Jonathan Sahrbeck appeared and argued on behalf of the State. At the conclusion of oral argument, the court invited the parties to submit legal memoranda, and Attorney Bartlett stated that she would do so by February 13, 2018.

Having reviewed Mr. Iserbyt's memorandum of law filed February 13, 2018, the court denies Mr. Iserbyt's Motion to Reinstate Indictment on the ground that he lacks standing to insist that the State reverse its decision to dismiss the indictment against Fred Dodge, a decision which the State made upon learning from Mr. Iserbyt's attorney at the time that Mr. Iserbyt planned to invoke his 5th Amendment rights and accordingly would not testify against Mr. Dodge.[1] Mr.

---

[1] The indictment against Mr. Iserbyt was likewise dismissed because Mr. Dodge's attorney likewise informed the State that his client would not agree to testify against Mr. Iserbyt.

Iserbyt's assertion that his attorney misrepresented his intention does not give Mr. Iserbyt standing to seek a court order with respect to Fred Dodge's indictment, nor does the court have authority in any event to inject itself into the State's prosecutorial decision-making process. Accordingly, because no mechanism exists for the relief sought and because Mr. Iserbyt is not entitled to relief under Maine law, Mr. Iserbyt's Motion to Reinstate Indictment is hereby DENIED.

In his Motion to Release Impoundment/Seal of Court Files, Mr. Iserbyt seeks access to the court file for both the dismissed criminal action against him and for the dismissed criminal action against Fred Dodge. The State takes no position on the motion, which turns on application of the Criminal History Information Act, 16 M.R.S. §§ 601 *et seq.* and Public Information and Confidentiality, Me. Admin. Order JB-05-20 (effective September 25, 2017).

The court finds and concludes that Mr. Iserbyt is entitled to a copy of his own court file. 16 M.R.S. § 709(6) provides: "This section does not apply to the right of access and review by a person or the person's attorney of criminal history record information about that person retained at or by the District Court, Superior Court or Supreme Judicial Court. Access and review of court records ... are as provided by rule or administrative order of the Supreme Judicial Court." Administrative Order JB-05-20 provides that "Requests for inspection of confidential materials or for review of materials that contain information designated as confidential that are contained within a public case file must be made by motion with notice to all parties of record ...." Mr. Iserbyt's court record is confidential because the charges were "dismissed by a court with prejudice or dismissed with finality by a prosecutor other than as part of a plea agreement." 16 M.R.S. § 703(2)(G). Because his motion complies with the requirements of JB-05-20, Mr. Iserbyt's motion is granted to the extent he seeks a copy of his own court file.

With respect to Mr. Iserbyt's request for a copy of Fred Dodge's court file, 16 M.R.S. § 708(3) provides: "This chapter does not apply to criminal history record 1nformation contained in ... [r]ecords of public judicial proceedings [r]etained at or b the District Court, Superior Court or Supreme Judicial Court. Public access to and dissemination of such records for inspection and copying are as provided by rule or administrative order of the Supreme Judicial Court." Mr. Iserbyt has complied with the requirements of JB-05-20 by serving a copy of his motion upon the State and Mr. Dodge. Neither the Criminal History Record Information Act nor the Administrative Rule make special provision for access to an alleged perpetrator's criminal file by an alleged victim. Having reviewed Mr. Iserbyt's request in light of Maine law, the court finds that Mr. Iserbyt is not

entitled to a copy of Mr. Dodge's criminal file, rendered confidential pursuant to 16 M.R.S. § 703(2)(G) because the criminal charges against Mr. Dodge were dismissed with prejudice, and accordingly denies Mr. Iserbyt's motion for access to Mr. Dodge's court file.

It is accordingly hereby ORDERED that Mr. Iserbyt's Motion to Reinstate Indictment is DENIED and Mr. Iserbyt's Motion to Release Impoundment/Seal is GRANTED in part and DENIED in part.

DATED: _15 Feb 18_

Jed J. French
Judge, Unified Criminal Court

3